[S. F. No. 4846.   In Bank.—November 20, 1907.]

GEORGE A. CLOUGH, Appellant, v. GEORGE F. DUFFY, et al., Respondents.

MUNICIPAL CORPORATION—SAN FRANCISCO—CHARTER—BONDED INDEBTEDNESS—REPAIR OF STREETS—APPLICATION OF FUND—ENGINEER'S ESTIMATES.—Under the charter of the city and county of San Francisco, where at a special election held for that purpose the proposition of incurring a bonded indebtedness for the general purpose of "repairing and improving accepted streets of said city and county" is submitted to the electors and is affirmatively acted on, the board of supervisors in afterwards determining what streets should be repaired and paid for out of the funds realized from the sale of the bonds is not limited to such streets or portions of a street as were included in a report made to them by the city engineer before the proposition.for a bonded indebtedness was submitted, in which such engineer designated certain streets and portions thereof

to be repaired and improved, and made plans and estimates of the cost of the work.

ID.—ESTIMATES AND PLANS NOT NECESSARY BEFORE SUBMISSION OF PROPOSAL.—There is nothing in the charter of the city and county of San Francisco providing that the board of supervisors before submitting a proposal for a bonded debt shall require plans and estimates of costs to be furnished by the engineer.

ID.—DUTY OF SUPERVISORS CANNOT BE DELEGATED.—The power and duty of estimating the amount of the bonded debt necessary, of submitting a proposal to the voters, and of using the products of the bonds for the general purpose " of repair and improvement of the accepted streets " rested with the board of supervisors, and it could not be shifted by them to any other person, although they could call for information on the subject to aid their judgment.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying an injunction. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Gray & Cooper, for Appellant.

William G. Burke, City Attorney, A. S. Newburgh, Assistant City Attorney, and William T. Kearney, for Respondents.

McFARLAND, J.—This action was brought in the superior court of the city and county of San Francisco to obtain a writ of injunction enjoining the defendants Duffy, Aigeltinger and Eagan, constituting the board of public works of said city and county, and defendant The Barber Asphalt Paving Company, a corporation, from carrying out a certain contract entered into between said parties for improving Sutter Street, an accepted street in said city and county, from the eastern line of Van Ness Avenue to the western line of Sansome Street. S. W. Horton, as auditor of said city and county, and Charles A. Bantel, as treasurer, are also made parties defendant; and it is sought to enjoin the former from approving any demand of said Asphalt Company under said contract upon any city fund produced by the sale of certain bonds, and to enjoin the treasurer from paying any of the funds so produced to said Asphalt Company upon said contract. Upon the final hearing the superior court made an order denying said injunction, and from this order plaintiff appeals.

On the twenty-ninth day of September, 1904, at a special election held in said city and county, there was duly submitted to the qualified electors thereof the proposition to incur certain bonded debts for several municipal purposes, and among others to incur a bonded debt in the amount of $1,621,000 for the repairing and improvements of accepted streets of said city and county. This proposition was carried at the special election by the vote of more than two thirds of the voters; and afterwards the said bonds were duly issued, and of said bonds there were duly sold sufficient to produce more than seventy-five thousand dollars for the purpose of repairing and improving said accepted streets, and said amount was paid into the treasury of said city and county. Afterwards on April 8, 1907, the board of supervisors, upon the recommendation of the board of public works, passed an ordinance ordering the improvement of Sutter Street from Van Ness Avenue to Sansome Street, under the supervision of the board of public works and in accordance with plans and specifications filed by the board and approved by the board of supervisors, and appropriating seventy-five thousand dollars for the purpose. In pursuance of said ordinance the board of public works, after due advertisement and notice for sealed proposals, entered into the contract with the Asphalt Company which is here sought to be enjoined. It is admitted that all of the proceedings, including the special election, leading up to this contract, were regular and legal; and the only point made by appellant is that the fund produced by the sale of said bonds is not applicable to the payment of any demand arising or which may arise out of said contract.

The above point of appellant is based on the contention that the purposes of the said bond issue are not general, that is, do not include generally the improvement of accepted streets, but are confined, so far as Sutter Street is concerned, to certain parts of that street mentioned in ordinance 940, and therefore do not include any of that part of said street lying between Van Ness Avenue and Sansome Street which are not mentioned in said ordinance.

It seems that when the board of supervisors were contemplating the submission to the voters the proposals for the issuance of bonds for various municipal purposes, including the improvement of accepted streets, they directed by ordi-

nance No. 702 the board of public works, through the city
engineer, to procure and file with the supervisors plans and
estimates of the cost of repairing and improving the accepted
streets of the city and county. In pursuance of this direction
the board of public works obtained from the city engineer
and filed with the supervisors a report of plans and estimates
of the cost of repairing and improving said streets. In this
report there were plans and estimates for improvements on
Sutter Street at only three points—at Hyde Street, at Taylor
Street, and at the crossing of Larkin Street; but this report
contained nothing as to the improvement of Sutter Street con-
tinuously from Van Ness to Sansome. On August 3, 1903, the
board of supervisors passed ordinance No. 946, by which it
was ordered that an election should be held at which the pro-
posals should be submitted to the vote of the people for the
issuance of bonds for several specified purposes, and, among
others, for "the repair and improvement of accepted streets
of the city and county"; and in section 2 there were these
words: "in accordance with the plans and estimates of cost
of the city engineer heretofore filed in the office of the board
of supervisors." Afterwards the board of supervisors passed
ordinance No. 956 "giving notice of a special election for the
purpose of submitting to the electors of the city and county
propositions for the construction of a new city hospital," and
several other improvements, and including in general terms
"the repair and improvement of accepted streets." It is
true that in one part of the ordinance reference is made to
ordinance No. 946; but when the matter of the improvement of
accepted streets is again mentioned the language used is as
follows: "Proposition to incur a bonded debt of the city and
county of San Francisco, to the amount of one million six
hundred and twenty-one thousand dollars ($1,621,000) with
interest at three and one half per cent per annum, for the
purpose of repairing and improving accepted streets of said
city and county."

We do not think that by the foregoing facts the board of
supervisors, in determining what repairs and improvements
were required on Sutter Street, were limited to improvements
at the few places mentioned in said report of the city engineer.
There is nothing in the city charter providing that the board,
before submitting a proposal for a bonded debt, shall require

plans and estimates of costs to be furnished by the engineer. The plans and estimates of the city engineer were evidently ordered by the board of supervisors merely for their information, and the better to enable them to correctly estimate the cost of the proposed improvements of the accepted streets and the amount of the bonds the proposal should name.    (See *Hammond* v. *City of San Leandro*, 135 Cal. 450, [67 Pac. 692].)    The said report of the city engineer was not in the nature of specifications such as are necessary where a contract is to be let for the doing of a specific piece of work.    Ordinance No. 702 does not speak of "specifications"; it merely directs that the city engineer file "plans and estimates of the cost of repairing and improving the accepted streets of the city and county, as provided in section 1 of this ordinance," and section 1 is merely that "it is hereby determined and declared that the public interests and necessity demand the repair and improvement of the accepted streets of the city and county."    The power and duty of estimating the amount of the bonded debt necessary, of submitting a proposal to the voters, and of using the products of the bonds for the general purpose "of repair and improvement of the accepted streets," rested with the board of supervisors, and it could not be shifted by them to the shoulders of any other person or persons, although they could call for information on the subject to aid their judgment.    We see no law or principle by which they were precluded from ordering the work on Sutter Street which is the subject of the contract here in question.    The voters are presumed to have acted upon the notice of submission of the proposal which was general in its character, and with the understanding that the contemplated bonds were to be used generally for the repair and improvement of the accepted streets according to the discretion and direction of the city officials who had authority over that matter.

The order appealed from is affirmed.

Sloss, J., Lorigan, J., and Henshaw, J., concurred.